**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| JAMES ALDAPE,<br><br>Plaintiff,<br><br>v.<br><br>PABST BREWING COMPANY, LLC<br><br>Defendant. | Case No. 5:25-cv-01693<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL CLASS ACTION COMPLAINT

Plaintiff James Aldape ("Aldape") brings this action, individually and on behalf of all others similarly situated (collectively, "Plaintiff and the Class Members"), against Pabst Brewing Company, LLC ("Pabst Brewing") to recover unpaid compensation and attorneys' fees and costs pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101—2109 (the "WARN Act"). Pabst Brewing violated the WARN Act when it terminated Plaintiff and the Class Members without providing sufficient (or any) advance written notice.

## I.
## OVERVIEW

1. This is a class action under FED. R. CIV. P. 23 brought pursuant to the WARN Act to recover unpaid compensation.

2. Plaintiff and the Class Members are those similarly situated persons who worked for Pabst Brewing, in the corporate office located in San Antonio Texas (the "San Antonio Office"), and were not provided any notice prior to the permanent closure of the San Antonio Office and their termination on Friday, December 5, 2025.

3. Plaintiff and the Class Members were employees of Pabst Brewing and were terminated without cause on or about December 5, 2025, as part of or as the reasonably expected consequence of a mass layoff, which was effectuated by Pabst Brewing on or about that date.

4. Pabst Brewing failed to give Plaintiff and the Class Members prior written notice of their termination and the mass layoff at their single site of employment.

5. Nor did Pabst Brewing "give as much notice as practicable" of Plaintiff and the Class Members' termination.

6. In fact, Pabst Brewing gave ***no*** prior written notice to Plaintiff and the Class Members before it engaged in a mass layoff.

7. Pabst Brewing's failure to provide its employees with any prior written notice had a devastating economic impact on Plaintiff and the Class Members.

8. As a consequence, Plaintiff and the Class Members are entitled to recover from Pabst Brewing their respective compensation and benefits for sixty (60) days, no part of which has been paid.

9. Plaintiff also prays that the Rule 23 class is certified as defined herein, with Plaintiff Aldape named as the Class Representative.

## II.
## THE PARTIES

10. Plaintiff James Aldape was employed by Pabst Brewing in Texas during the relevant time period. Plaintiff Aldape did not receive any prior written notice of his termination before Pabst Brewing engaged in a mass layoff.

11. The Class Members are those former Pabst Brewing employees who were assigned the San Antonio, Texas office, and were terminated without cause as part of the December 2025 mass layoff.

12. Defendant Pabst Brewing is a foreign limited liability corporation, licensed to and doing business in the State of Texas and may be served through its registered agent for service of process: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.**

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 2104(a).

14. This Court has specific personal jurisdiction over Pabst Brewing because Plaintiff's claims arose within this District as a result of Pabst Brewing's conduct within this District and Division.

15. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, Plaintiff Aldape worked for Pabst Brewing in San Antonio, Texas, which is located within this District and Division.

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

18. Pabst Brewing is a beverage brewing company which operates across the United States.[1]

19. Pabst Brewing employs several hundred full time employees across the United States.

20. To provide its services, Pabst Brewing employed approximately one hundred (100) employees at the San Antonio Office.

---

[1] https://pabst.com/history/

21. Prior to his termination, Plaintiff Aldape was employed by Pabst Brewing in customer insights.

22. Plaintiff and the Class Members were based in and worked out of the San Antonio Office.

23. Plaintiff and the Class Members' supervisors were also based in the San Antonio Office.

24. Pursuant to 20 C.F.R. § 639.3(i)(6), the San Antonio Office qualified as the single site of employment for Plaintiff and the Class Members.

25. In December 2025, Pabst Brewing permanently laid off approximately sixty (60) to seventy (70) employees from the San Antonio Office, without providing prior warning or notice to the Plaintiff and Class Members.

26. The employees laid off represented more than thirty-three and one third percent (33.3%) of the employees who worked at the San Antonio Office.

27. On December 5, 2025, Plaintiff Aldape was notified of a sudden meeting with Human Resources.

28. During his meeting on December 5, 2025, Plaintiff Aldape was notified his employment was being terminated immediately.

29. Plaintiff Aldape was not offered sixty (60) days' pay and benefits or provided any type of notification under the WARN Act.

30. The mass layoff at the San Antonio Office by Pabst Brewing resulted in the loss of employment within a thirty (30) day period of at least fifty (50) employees, excluding part-time employees—more than thirty-three and one third (33.3%) of the total employees employed at the San Antonio Office.

31. Plaintiff Aldape and the Class Members did not receive written notice at least sixty (60) days in advance of the termination of their employment, nor did they receive as much notice as practicable under the circumstances.

32. Indeed, Pabst Brewing did not provide any notice of the intended mass layoff at the San Antonio Office to Plaintiff and the Class Members prior to their termination that informed them whether the closure was intended to be permanent or temporary, the expected date of closure, an indication of whether bumping rights existed, or the name and telephone number of Pabst Brewing officials to contact.

33. At all material times, Pabst Brewing employed 100 or more employees, exclusive of part-time employees (that is, those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given; the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

34. The terminations in December 2025 of persons who worked for Pabst Brewing out of the San Antonio Office—Plaintiff and the Class Members—resulted in the loss of employment for fifty (50) or more employees, excluding Part-Time Employees.

35. The San Antonio Office was not a temporary facility, and the Plaintiff and Class Members were not hired with the understanding that their employment was limited to the duration of a specific project or undertaking.

36. The mass layoff at the San Antonio Office was not the result of a strike or a natural disaster.

37. Because Pabst Brewing was obligated under the WARN Act to provide notice to the Plaintiff and the Class Members of the mass layoff prior to their termination but failed to do so, Pabst Brewing violated the WARN Act.

38. Plaintiff and the Class Members seek to recover all unpaid wages, benefits, and other damages owed under the WARN Act as a class action under FED. R. CIV. P. 23.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Class Action Alleging Violation of the WARN Act)

### A. WARN ACT COVERAGE

39. Paragraphs 1–43 are fully incorporated herein.

40. The Class is defined as:

**ALL FORMER PABST BREWING COMPANY, LLC EMPLOYEES WHO WORKED IN THE SAN ANTONIO, TEXAS OFFICE AND WERE TERMINATED WITHIN A NINETY (90) DAY PERIOD AROUND DECEMBER 5, 2025 ("Class Members").**

41. At all material times, Plaintiff and the Class Members have been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101.

42. Pabst Brewing was, and is, subject to the notice and back pay requirements of the federal WARN Act because Pabst Brewing is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or employed 100 or more employees who, in the aggregate, work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(a)(3).

43. The mass layoff at the San Antonio Office qualified as a mass layoff under the WARN Act as at least thirty-three and one third percent (33.3%) of the San Antonio Office's active employees—which were also more than fifty (50) employees—based out of the San Antonio Office,

excluding part-time employees, lost their employment with Pabst Brewing due to the San Antonio Office's layoffs. 29 U.S.C. § 2101(a)(2).

**B. FAILURE TO PROVIDE NOTICE IN COMPLIANCE WITH THE WARN ACT**

44. The WARN Act regulates the notice an employer must provide to employees who will be terminated due to the employer's plant closure or mass layoff, as well as the back pay and other associated benefits affected employees are due based on a violation of the required notice period.

45. Pursuant to the WARN Act, 29 U.S.C. § 2102 and 20 C.F.R. §§ 639.1-639.10, Pabst Brewing was required to provide the affected employees at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, explaining why the sixty (60) days prior notice was not given.

46. Pabst Brewing violated the federal WARN Act by failing to provide the required notice to Plaintiff and the Class Members

47. Pabst Brewing failed to pay Plaintiff and the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for sixty (60) working days following their termination and failed to make the pension and 401(k) contributions, provide other employee benefits, and pay their medical expenses for sixty (60) calendar days from and after the dates of their termination.

48. Section 2103 of the WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. §§ 2103(1)-(2).

49. None of the WARN Act exemptions apply to Pabst Brewing.

50. Accordingly, Plaintiff and the Class Members must receive the notice and back pay required by the WARN Act, 29 U.S.C. §§ 2102, 2104.

51. Plaintiff and the Class Members have been damaged by Pabst Brewing's conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because of Pabst Brewing's acts or omissions.

52. Pabst Brewing is in possession and control of necessary documents and information from which Plaintiff Aldape would be able to precisely calculate damages.

53. The proposed Class of sought to be certified pursuant to the WARN Act is defined in Paragraph 45.

54. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Pabst Brewing.

**C. WARN ACT CLASS ALLEGATIONS**

55. Plaintiff and the Class Members bring their WARN Act claim as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Pabst Brewing.

56. Class action treatment of Plaintiff and the Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

57. The number of Class Members is so numerous that joinder of all class members is impracticable.

58. Plaintiff Aldape's WARN Act claims share common questions of law and fact with the claims of the Class Members.

59. Plaintiff Aldape is a member of the Class, his claims are typical of the claims of other Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other Class Members.

60. Plaintiff Aldape and his counsel will fairly and adequately represent the Class Members and their interests.

61. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

62. Accordingly, the Class should be certified as defined in Paragraph 40.

## VI.
## RELIEF SOUGHT

63. Plaintiff Aldape respectfully prays for judgment against Pabst Brewing as follows:

a. For an Order certifying the Class as defined in ¶ 40, and designating Plaintiff Aldape as the Representative for the Class;

b. For an Order pursuant to the WARN Act finding Pabst Brewing liable for compensatory damages in an amount equal to at least the amounts provided under 29 U.S.C. § 2104(a) found due to Plaintiff and the Class Members

c. For an Order awarding the costs of this action;

d. For an Order awarding attorneys' fees;

e. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

f. For an Order awarding Plaintiff Aldape a service award as permitted by law;

g. For an Order compelling the accounting of the books and records of Pabst Brewing, at Pabst Brewing's expense (should discovery prove inadequate); and

h. For an Order granting such other and further relief as may be necessary and appropriate.

Date: December 9, 2025

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*

**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd. Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and the Putative Class Members***